IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| LAKEISHA J. GOVAN, | ) | C/A No. 3:10-CV- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| CATERPILLAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Lakeisha J. Govan ("Plaintiff and/or Ms. Govan"), by and through the undersigned legal counsel, does hereby Complain of Defendant Caterpillar, Inc. ("Defendant and/or Caterpillar") as follows:

## FOR A FIRST CAUSE OF ACTION
### (Sex/Pregnancy Discrimination Under Title VII of the Civil Right Act of 1964, 42 U.S.C. §§ 2000e et seq.)

(1)     This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. and the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k), to Title VII for damages based on the an unlawful employment practice committed by Defendant Caterpillar, and jurisdiction of this court is invoked pursuant to Section 706(f) of Title VII, 42 U.S.C.A. § 2000e-5(f).

(2)     The claims asserted in this Complaint arose in the above named judicial district and division. At all relevant times, Plaintiff was/is a citizen of the United States and was a resident of the County of Sumter, State of South Carolina.

(3)     Defendant Caterpillar is a business incorporated by the laws of a state other than South Carolina, but is licensed to do business in the County of Sumter, State of South Carolina.

(4)     Defendant Caterpillar is an employer engaged in an industry that affects commerce and employs more than 500 employees qualifying as an "employer" for the purposes of Title VII under 42 U.S.C.A. § 2000e(b).

(5)     All conditions precedent to jurisdiction have occurred or been complied with pursuant to 42 U.S.C.A. §§ 2000e-5. In particular, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the unlawful

1

employment practices, a Notification of a Right to Sue was received by the Plaintiff after September 27, 2010, and this Complaint has now been filed within 90 days of the receipt of such Notice under § 2000e-5(f)(1).

(6)     Plaintiff, a female, was hired by Defendant at its Sumter, South Carolina, Hydraulics Facility on or about July 9, 2004 in the position of a Technician Kitter. Plaintiff's job duties included the provision of material parts to assembly line workers.

(7)     During the course of her employment with the Defendant, Plaintiff became pregnant and notified the Defendant/employer by personally informing Supervisor David Johnson, Human Resource Manager Virginia Dority, and Nurse Lisa Osborne on separate occasions. Thereafter, Plaintiff was also required to seek maternity leave from her employment with the Defendant in March/April of 2009 due to medical complications arising from her pregnancy.

(8)     Because of Plaintiff's pregnancy and sex, Defendant intentionally, maliciously, and recklessly discriminated against her in the following manner:

        a.     intentionally, maliciously, and recklessly treating her differently than other employee's who were not pregnant/female;

        b.     intentionally, maliciously, and recklessly causing and/or allowing to occur statements from Nurse Osborne that Defendant was "real strict" and that Plaintiff could lose her job because she was pregnant;

        c.     intentionally, maliciously, and recklessly causing and/or allowing to occur statements from Nurse Osborne that she could "help" if Plaintiff wanted to "get rid of the child;"

        d.     intentionally, maliciously, and recklessly causing and/or allowing to occur statements from Supervisor Johnson that he did not want Plaintiff "on the floor" because visitors to the plant "would be able to see that she was pregnant;"

        e.     intentionally, maliciously, and recklessly terminating and/or laying off Plaintiff on July 27, 2009 (the very same day that she returned from maternity leave); and

        f.     intentionally, maliciously, and recklessly creating and/or allowing to occur a work environment that was hostile towards pregnant/female employees.

g.     intentionally, maliciously, and recklessly causing and/or allowing to occur statements from her Supervisor Tim Follin asking whether she was going to have her "tubes tied."

h.     intentionally, maliciously, and recklessly causing and/or allowing to occur statements from her Supervisor Ed (last name unknown) indicating that Plaintiff was "pregnant again" and that "it was going to continue to happen until she learns it does not come from drinking water;"and

i.     intentionally, maliciously, and recklessly causing and/or allowing to occur statements from Supervisor David (last name unknown) telling Plaintiff that her mother had 17 kids and that soon she would catch up with her.

(9)    As a direct and proximate result of the aforesaid acts, conduct, and/or omissions, the Defendant has intentionally, maliciously, and recklessly deprived the Plaintiff of certain benefits, rights, emoluments, wages, back/front pay, privileges, terms and conditions of employment, and continued employment because of her sex and pregnancy.

(10)   As a direct and proximate result of the aforesaid acts, conduct, and/or omissions, the Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to lost wages, pursuant to 42 U.S.C.A. § 2000e-5(g).

(11)   As a direct and proximate result of the aforesaid acts, conduct, and/or omissions, the Plaintiff has/will suffer future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and such other nonpecuniary losses as may be proven at trial.

(12)   As a direct and proximate result of the aforesaid intentional, malicious, and reckless acts, conduct, and/or omissions, Plaintiff is entitled to an award of punitive damages, in an actual amount to be determined by a jury.

(13)   Plaintiff is informed and believes that she is also entitled to a trial by jury and demands same.

## **FOR A SECOND CAUSE OF ACTION**
### **(Intentional Infliction of Emotional Distress)**

(14)   Plaintiff realleges and reiterates each and every allegation set forth above, as if fully set out herein.

(15)    Defendant, by and through its agents and/or employees, intentionally or recklessly inflicted severe emotional distress upon the Plaintiff, or was certain, or substantially certain, that such distress would result from its acts, conduct, and omissions;

(16)    Defendant, its agent and/or employees's intentional or reckless acts, conduct, and/or omissions were so extreme and outrageous so as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community;

(17)    Defendant, its agent and/or employees's intentional or reckless acts, conduct, and/or omissions caused Plaintiff's emotional distress; and

(18)    The emotional distress suffered by the Plaintiff was severe such that no reasonable person could be expected to endure it.


WHEREFORE, Plaintiff prays that:

(1)    This Court Order reinstatement of the Plaintiff to her prior position and enjoin the Defendant from continuing its unlawful employment practices;

(2)    This Court compensate and whole the Plaintiff by granting judgment against the Defendant, in an actual amount to be determined by a jury but exceeding the sum of $75,000.00, for damages and such other relief as the court deems appropriate;

(3)    This Court award Plaintiff the costs and disbursements of this action, including reasonable attorneys fees.

(4)    This Court award Plaintiff punitive damages, in an actual amount to be determined by jury;

(5)    This Court grant such other relief as is just and equitable.


WILLCOX, BUYCK & WILLIAMS, P.A.

By:    s/ J. Scott Kozacki
         J. Scott Kozacki
         Fed Id. No. 5456
         PO Box 1909
         Florence, SC 29503-1909
         (843) 662-3258 Telephone
         (843) 662-1342 Fax

4

Email: skozacki@WillcoxLaw.com
ATTORNEY FOR THE PLAINTIFF

December 9, 2010
Florence, SC