IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF SOUTH CAROLINA
                         COLUMBIA DIVISION

| | |
|---|---|
| Lakeisha J. Govan, ) | Civil Action No. 3:10-03132-MBS |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Caterpillar, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Lakeisha J. Govan ("Plaintiff") filed this action against her former employer, Caterpillar, Inc. ("Defendant"), alleging that she was subjected to discrimination and a hostile work environment because of her sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k). (ECF No. 1.) Plaintiff also asserted a state law claim for intentional infliction of emotional distress. (Id.) In an order entered on September 26, 2012 (the "September order"), the court granted Defendant's motion for summary judgment with respect to Plaintiff's claims for hostile work environment and intentional infliction of emotional distress, but denied Defendant's motion for summary judgment as to Plaintiff's claim for sex and pregnancy discrimination. (ECF No. 49.) This matter is before the court on a motion for reconsideration pursuant to Fed. R. Civ. P. 54(b) by Defendant as to the portion of the September order denying summary judgment on Plaintiff's claim for sex and pregnancy discrimination. (ECF No. 55.) Plaintiff opposes Defendant's motion, asserting that Defendant's motion is wholly and utterly without legal merit. (ECF No. 60.) For the reasons set forth below, the court **DENIES** Defendant's motion for reconsideration as to Plaintiff's claim for sex and

pregnancy discrimination.

## I. STATEMENT OF THE CASE

A detailed recitation of this matter's relevant factual and procedural background can be found in the Magistrate Judge's Report and Recommendation and in the September order. (See ECF Nos. 45, 49.) Summarily, Plaintiff filed this action on December 9, 2012, alleging that Defendant's decision to lay her off on July 27, 2009 resulted from discriminatory animus regarding her multiple pregnancies. The court denied Defendant's motion for summary judgment as to Plaintiff's claim for sex and pregnancy discrimination, finding that Plaintiff provided sufficient evidence that a reasonable jury could find that sex and/or pregnancy discrimination was the real reason for her lay-off instead of the reasons cited by Defendant. (ECF No. 49, p. 15.) Defendant filed the instant motion for reconsideration pursuant to Fed. R. Civ. P. 54(b) on October 5, 2012, to which Plaintiff filed opposition on October 19, 2012. (ECF Nos. 55, 60.)

## II. LEGAL STANDARD AND ANALYSIS

### A. Standard for Reconsideration under Fed. R. Civ. P. 54

Fed. R. Civ. P. 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The "district court retains the power to reconsider and modify its

interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). This power of reconsideration is committed to the discretion of the district court. See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").

The Fourth Circuit has offered little guidance on the standard for evaluating a Fed. R. Civ. P. 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, 326 F.3d at 514; see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54"). In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Fed. R. Civ. P. 54 motion, look to the standards of motions under Fed. R. Civ. P. 59 for guidance. See U.S. Home Corp. v. Settlers Crossing, LLC, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D.Md. Oct. 18, 2012); R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co., C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); Akeva L.L.C. v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, reconsideration under Fed. R. Civ. P. 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Beyond Sys., Inc. v. Kraft Foods, Inc., C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D.Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing and interlocutory order.") (citing Am. Canoe Ass'n, 326 F.3d at 514). Furthermore, motions to reconsider "may not be used to

3

make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. R.E. Goodson, 2006 WL 1677136, at *1 (citing Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001)).

**B.     Analysis**

    1.    Defendant's Motion for Reconsideration

Defendant asserts that the court should reconsider the September order because it "reflects a misapprehension of certain controlling principles of law and overlooks the Court's own assessment of relevant facts which compel a conclusion contrary to that reached by the Court." (ECF No. 55-1, p. 1.) Specifically, Defendant asserts that the court "misapprehended and misapplied the appropriate legal standard for direct evidence" in finding that direct evidence supports Plaintiff's claim that pregnancy motivated her layoff. (Id. at pp. 4-6.) Further, as evidence of an erroneous application of the appropriate legal standard, Defendant identifies a sentence in a paragraph in the September order addressing evidence regarding the ultimate decision-maker wherein the proposition is stated that "[t]he focus of . . . [the] inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." (Id. at p. 4 (citing Anderson v. Ziehm Imaging, Inc., C/A No. 7:09-02574-JMC, 2011 WL 1374794, at *5 (D.S.C. Apr. 12, 2011)).) Defendant asserts that the cited sentence relates to pretext, and does not support the court's conclusion that direct evidence supports Plaintiff's claim. Moreover, since direct evidence of discrimination does not exist to support Plaintiff's claim for discrimination, Defendant is entitled to summary judgment because Plaintiff cannot establish a prima facie case of discrimination under McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973). (Id. at pp. 6-9.) Based on the foregoing, Defendant requests that the court

reconsider the September order and grant summary judgment to Defendant on Plaintiff's sex and pregnancy discrimination claim. (Id. at p. 10.)

In her opposition to Defendant's motion, Plaintiff asserts that the motion for reconsideration is meritless because "(1) there has been no intervening change in controlling law since this Court's prior Order denying summary judgment; (2) no new evidence justifying a reconsideration has come to light; and (3) no clear error of law or manifest injustice exists." (ECF No. 60, p. 1.) Moreover, Plaintiff argues that contrary to Defendant's assertions, the court "properly cited, applied and interpreted appropriate, governing legal standards when it reached its conclusions." (Id. at p. 4.) Therefore, Plaintiff contends that Defendant's motion for reconsideration should be denied. (Id.)

2. Court's Analysis

Upon review, the court agrees with Defendant that the sentence cited from Anderson relates to pretext. However, the court does not agree with Defendant that the citation to Anderson in the context of the September order amounted to the application of the wrong legal standard or a clear error of law in denying Defendant's motion for summary judgment as to Plaintiff's claim for sex and pregnancy discrimination. Specifically, the citation to Anderson occurred contextually after the court's discussion of direct evidence and was not related to the court's finding that "a reasonable jury could return a verdict for Plaintiff after finding that Johnson, Johns, and Faulling maintained a discriminatory attitude towards pregnant women and that discriminatory attitude impacted the ultimate decision to lay-off Plaintiff during the RIF." (ECF No. 49, p. 14.) Therefore, Defendant has made an insufficient showing that there has been a change in the controlling law, the introduction of new evidence justifying reconsideration, or that the court committed a clear error of law in its September 26, 2012 order. Accordingly, the

court must deny Defendant's motion for reconsideration.

## III. CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Defendant's motion for reconsideration of the portion of the September 26, 2012 order denying summary judgment as to Plaintiff's claim for sex and pregnancy discrimination. (ECF No. 55.)

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
MARGARET B. SEYMOUR
CHIEF UNITED STATES DISTRICT JUDGE

October 26, 2012
Columbia, South Carolina